# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

CHRISTY TOLEFREE,         )
                               )
            Plaintiff,     )
                               )
vs.                       )     **Case No. 03-1087-CV-W-GAF**
                               )
COMMUNITY BLOOD CENTER OF   )
GREATER KANSAS CITY,     )
                               )
           Defendant.     )

## ORDER

Presently before this Court is a Motion for Attorney's Fees filed by the Defendant, Community Blood Center. (Doc. #25). Community Blood Center asserts that it is entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b) and that a portion of these attorney's fees should be assessed against the Plaintiff's counsel. (Doc. #26). The Plaintiff, Christy Tolefree ("Tolefree"), opposes this Motion. (Doc. #29). For reasons set forth more completely below, the Community Blood Center's Motion for Attorney's Fees is GRANTED.

## DISCUSSION

### I.     Facts

Tolefree initiated this action on December 11, 2003 by filing a complaint against Community Blood Center alleging unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964 arising out of the termination of her employment. (Doc. #26). Community Blood Center filed an answer and the parties made their initial Rule 26 disclosures. Id. On March 9, 2004, Community Blood Center took Tolefree's deposition. Id. The parties participated in a settlement conference with Magistrate Judge

1

Larson on April 27, 2004.  Id.  At this settlement conference, Community Blood Center contends that

Tolefree gave "every indication that she intended to vigorously pursue her claim." Id.  Neither Tolefree nor

her counsel made any contact with Community Blood Center or its counsel prior to the dispositive motion

deadline to indicate that Tolefree did not intend to pursue her claims.  Id.  On November 30, 2004,

Community Blood Center filed its Motion for Summary Judgment and Suggestions in Support.  Id.

Tolefree did not oppose Community Blood Center's Motion for Summary Judgment and did not respond

to an Order to Show Cause issued by this Court.  Id.  Consequently, on February 7, 2005, this Court

granted Community Blood Center's Motion for Summary Judgment.  (Doc. #22).

Community Blood Center, as the prevailing party in a Title VII action, seeks attorney's fees

pursuant to 42 U.S.C. § 1988(b).  (Doc. #26).  Community Blood Center asserts that it incurred

$26,434.50 in attorney's fees in the defense of this litigation, including $12,472.50 in attorney's fees in filing

its Motion for Summary Judgment.[1]  Id.  Community Blood Center is represented in this matter by

Constangy, Brooks & Smith, LLC and the attorney's fees Community Blood Center requests reflect the

following hourly rates charged by its attorneys: Kathy Perkins, $255-$270/hour; Linda Jones, $100/hour;

_____

[1]In its Suggestions in Support of this Motion, the Community Blood Center actually asserts, "*In addition to* the $12,472.50 for preparation of the Motion for Summary Judgment, Defendant incurred attorneys' fees in the defense of this litigation in the amount of $26,434.50. (Exhibit 1)."  (Doc. #26). Exhibit 1 provides the following fees billed on the corresponding dates: 1/13/04, $561; 2/16/04, $1,840.00; 3/17/04, $3,425.00; 4/21/04, $6,462.00; 5/14/04, $1,404.00; 7/14/04, $270.00; 10/15/04, $1,767.00; 12/02/04, $10,705.50.  Added together, these fees total $26,434.50.  The fees charged on the last two dates, $1,767.00 on 10/15/04 and $10,705.50 on 12/02/04, are attributable to the Motion for Summary Judgment and total $12,472.50.  As the evidence submitted in support of the request for attorney's fees reveals that the defense fees total $26,434.50, *including* (rather than in addition to) $12,472.50 for the summary judgment motion, the Court will consider whether $26,434.50 is a reasonable attorney's fee for the defense of this action.

Paul Satter White, $180/hour; Courtney Hueser, $170/hour; Ashlee J. Ligarde, $205/hour.  Id.

Community Blood Center further requests that its reasonable attorney's fees be assessed against Tolefree's counsel, Ms. Candis Young of the law firm Hursh & Young, LC.  Id.  The record reveals that there was no activity by Tolefree following the April 27, 2004 settlement conference.  Id.  Community Blood Center asserts that at some point after the settlement conference Tolefree decided to abandon her claims and Ms. Young made no effort to inform Community Blood Center of Tolefree's decision.  Id.  As such, Community Blood Center claims that "an award of the fees incurred by Defendant due to Plaintiff's counsel's failure to communicate is appropriate."  Id.

Tolefree opposes Community Blood Center's Motion for Attorney's Fees arguing that an award of attorneys fees is "unwarranted and unfair" in this case and the fees charged were "unnecessary and excessive."  (Doc. #29).  Tolefree asserts that Community Blood Center's "tactical decision not to reveal damaging information" to Ms. Young prior to Tolefree's deposition caused Community Blood Center to incur the attorney's fees it now seeks to recover.  Id.  This damaging information included evidence that Tolefree had made an authorized entry into her former employer's building to search for and remove documents from the office of her former supervisor.  Id.  Tolefree further asserts that Community Blood Center failed to notify Ms. Young of "several items" in Tolefree's personnel file.  Id.

As a result, Ms. Young asserts that Tolefree was "terrified" at her deposition and the settlement conference wherein she became aware of the repercussions of returning to her former employer's business and removing files.  Id.  Additionally, Tolefree's current employer was sent a request for documentation which alerted them to her litigation and she believed imperiled her new employment.  Id.  Consequently, Ms. Young contends that Tolefree directed her "to hold back in prosecution of her claim while she

considered her options and sought counsel from family." Id. To avoid incurring unnecessary fees, Tolefree contends that Community Blood Center should have called Ms. Young to inquire about the status of Tolefree's claims before filing its Motion for Summary Judgment. Id. Finally, Tolefree asserts that Community Blood Center's lead counsel's hourly rate of $270 per hour is excessive and above the standard for Kansas City. Id.

Community Blood Center responds by informing the Court that it provided a copy of Tolefree's personnel file to Ms. Young ten days before Tolefree's deposition. (Doc. #30). Included in this file was a letter dated June 18, 2003, sent by the Community Blood Center Director of Human Resources to Ms. Tolefree stating in relevant part:

> Additionally, it has come to our attention that you have contacted a current Community Blood Center employee and have asked to use their identification badge to enter the building after normal business hours to obtain copies of Standard Operating Procedures (SOPS). You are advised that you are not authorized to access Community Blood Center property. If you access or attempt to access our premises, you will be trespassing and appropriate authorities will be notified.

Id. Community Blood Center asserts that it did not assume and had no indication that Tolefree had concealed her conduct from her attorney. Id.

## II.     Standard and Analysis

### A.     *Award of Attorney's Fee to Prevailing Part in Title VII Action*

Community Blood Center seeks attorney's fees pursuant to 42 U.S.C.A. § 1988(b). 42 U.S.C.A. § 1988(b) (West 2003) allows the prevailing party in the following actions to recover a reasonable attorney's fee:

> Section 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of

4

2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title.

Community Blood Center asserts that 42 U.S.C.A. § 1988(b) allows a prevailing party in a case arising under Title VII of the Civil Rights Act of 1964 to recover attorney's fees.[2] (Doc. # 26). However, this is blatantly inaccurate as 42 U.S.C.A. § 1988(b) does not mention Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e et seq.).

Rather, § 706(k) of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(k) (West 2003)) allows the prevailing party in a Title VII action to recover a reasonable attorney's fee:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

In interpreting § 706(k), the Supreme Court has distinguished between prevailing Title VII defendants and prevailing Title VII plaintiffs. Marquart v. Lodge 837, Int'l Ass'n of Machinists and Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994). A Title VII plaintiff is entitled to an award of attorneys' fees in "in all

---

[2]In its Suggestions in Support, Community Blood Center quotes 42 U.S.C. § 1988(b) as follows: "In any action or proceeding to enforce a provision of . . . Title VII of the Civil Rights Act of 1964 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." As demonstrated above, this is a clear and significant misrepresentation of the law as the standard for awarding attorney's fees under § 1988(b) is somewhat less stringent than the standard for an award of attorney's fees under 42 U.S.C.A. § 2000e-5(k). *Compare* Hensley v. Eckerhard, 461 U.S. 424, 429 (1983) (finding that pursuant to 42 U.S.C. § 1988(b), a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust) *with* Davidson v. Allis-Chalmers Corp., 567 F.Supp. 1532, 1537 (W.D. Mo. 1983) (finding that pursuant to 42 U.S.C. § 2000e-5(k), a prevailing defendant should recover an attorney's fee "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."). The Court advises Community Blood Center's attorneys to be more precise when citing federal statutory law as such misrepresentations may be detrimental to their client's interests.

5

but very unusual circumstances." Id. *quoting* Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975). However, "a court may not award attorneys' fees to a prevailing Title VII defendant unless the court finds that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Marquart, 26 F.3d at 848 *quoting* Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

Community Blood Bank has submitted sufficient circumstantial evidence for this Court to conclude that following the settlement conference, Tolefree was aware of the meritless nature of her claims but continued to litigate. Tolefree admits that after her deposition and the settlement conference, she was aware of all the relevant facts which negated her Title VII claim. Rather than expeditiously dismissing her claims, she allegedly advised her attorney of her reluctance to pursue her claim and ignored the court imposed deadlines set forth in the scheduling order. If Tolefree's claims were legitimate and well-founded, she would have continued to vigorously prosecute this lawsuit. To deter the continued pursuit or perceived pursuit of non-viable claims by Plaintiffs and their counsel, the Court will award Community Blood Center reasonable attorney's fees pursuant to 42 U.S.C.A. § 2000e-5(k).

### B.    *Calculating the Amount of a Reasonable Attorney's Fee Award*

Community Blood Center asserts that $26,434.50 constitutes a reasonable attorney's fee for the defense of this action. The amount of reasonable attorney's fees and costs awarded is committed to the sound discretion of the trial court. *See* Hensley v. Eckerhard, 461 U.S. 424, 437 (1983). "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437.

The Court has the discretion to choose between two alternate approaches to analyzing requests

6

for attorneys' fees. In re Bank America Corp. Securities Litigation, 228 F.Supp.2d 1061, 1064 (E.D. Mo. 2002). First, under the "lodestar" approach, "the hours expended by an attorney are multiplied by a reasonable hourly rate to produce a fee amount which can be adjusted to reflect the characteristics of a given action." In re Bank America, 228 F.Supp.2d at 1064 *citing* Johnston v. Comerica Mortgage Corp., 83 F.3d 241, 244 (8th Cir. 1996). Alternatively, the Court may employ a "percentage of recovery" approach in which the prevailing party is awarded "a percentage of the common fund that the attorneys obtained for their clients during the course of the litigation." Id.

When examining the reasonableness of the hourly rate charged by an attorney, the Court may consider "the relevant attorney market which may extend beyond the local geographical community." Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, 974 F.Supp. 751, 754 (E.D. Mo. 1997). "Courts may draw on their own experience and knowledge of prevailing market rates" to determine the reasonableness of an attorney's hourly rate. Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).

The Eighth Circuit has advised courts to adhere to the guidelines set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) when determining the "reasonableness" of an attorney's fee award. Hardman v. Bd. of Ed. of Dollarway, 714 F.2d 823 (8th Cir. 1983). *See also*, Allen v. Amalgamated Transit Union, Local 788, 554 F.2d 876, 884 (8th Cir.), *cert denied*, 434 U.S. 891 (1977). These twelve factors include:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) The nature and length of the

7

professional relationship with the client; (12) Awards in similar cases.

<u>Johnson</u>, 488 F.2d at 717-19.  The Eighth Circuit has found that "it is not necessary for district courts to examine exhaustively and explicitly . . . all the factors that are relevant to the amount of a fee award." <u>Griffin v. Jim Jamison, Inc.</u>, 188 F.3d 996, 997 (8th Cir. 1999).  Rather, a district court must merely "provide a concise but clear explanation of its reasons for the fee award." <u>Hardman</u>, 714 F.2d at 825 *quoting* <u>Hensley</u>, 461 U.S. at 437.

As Community Blood Center did not recover any damages, the Court rejects the application of the "percentage of recovery" approach to calculating an award of attorney's fees.  Rather, the Court will apply the lodestar approach and consider the number of hours expended by Community Blood Center's attorneys and the hourly rate charged.

Tolefree contends that the fees charged by Community Blood Center's attorneys were "unnecessary and excessive under the circumstances." (Doc. #29).  Tolefree specifically asserts, without any factual or legal support, that the $270 hourly rate charged by Kathy Perkins, the lead counsel representing Community Blood Center was "excessive and above the standard for this metropolitan area of practice." <u>Id</u>.  Based on the Court's own experience and knowledge of prevailing market rates, the Court does not believe that the $270 per hour charged by Kathy Perkins was excessive.  Furthermore, the Court notes that only 47.2 hours of work on this case were billed at the $270 hourly rate.  The remaining 76.6 hours were billed at hourly rates of $100 (12.8 hours), $170 (9.6 hours), $180 (17.7 hours), $205 (34.3 hours), and $255 (2.2 hours).  The fees charged were fixed, as opposed to contingent, and appear to be the customary fees charged by the attorneys for this type of work.  As Ms. Perkins delegated over half of the work on this case to colleagues whose billable hour rates were less expensive than her own, the

8

Court finds that the $26,434.50 in fees representing 123.8 hours of work is reasonable as this equals an average rate of $213.50 per hour.

Upon application of the factors articulated in <u>Johnson</u>, the Court further finds that Community Blood Center's attorneys spent a reasonable amount of time defending this case. Community Blood Center was entirely successful in defending this lawsuit. Tolefree's claims did not present any matters of first impression. The legal and factual questions presented were relatively straight forward. Based on the documents filed by Community Blood Center, it is clear that its attorneys had specialized knowledge and experience in litigating employment discrimination matters. The Court is unaware of any particularly undesirable aspect of the case.

The 123.8 hours of work represents the entire defense of this case including the filing of an answer, fact investigation and development, preliminary legal research, preparing the Rule 26 disclosures, conducting Tolefree's deposition, participating in the settlement conference, drafting a protective order and drafting the Motion for Summary Judgment. (*See* Doc. #26, Attach. 1). Based on the Court's own knowledge, experience and expertise of the time and expense involved in successfully defending a Title VII claim, the Court finds that Community Blood Center has requested reasonable attorney's fees with respect to the defense of Tolefree's claims.

Tolefree asserts that the Community Blood Center should not be entitled to recover attorney's fees because these fees were incurred as a result of Community Blood Center's failure to contact Ms. Young prior to filing its Motion for Summary Judgment to inquire about the status of Tolefree's claims. (Doc. #29). It should not be the responsibility of defense counsel to contact the plaintiff to inquire about whether the plaintiff intends to continue pursuing her claim. When a plaintiff initiates a lawsuit by filing a complaint,

9

the defendants, the court and all other relevant parties expect the plaintiff to vigorously pursue his or her claims. As such, Community Blood Center will not be precluded from recovering its reasonable attorney's fees because it did not contact Ms. Young to inquire about the status of Tolefree's claims.

### C.    Assessing Reasonable Attorney's Fees Against the Plaintiff's Counsel

Community Blood Center requests that its reasonable attorney's fees, totaling $26,434.50, be assessed against Ms. Young. (Doc. #26). Neither Title VII nor § 1988 mentions assessing attorney's fees against counsel for the losing party. Davidson v. Allis-Chalmers Corp., 567 F.Supp. 1532, 1537-38 (W.D. Mo. 1983). However, in Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980), the Supreme Court held that federal courts have the inherent power to assess attorney's fees against counsel in certain "narrowly defined circumstances":

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.

See Davidson, 567 F.Supp. at 1538 quoting Roadway Express, 447 U.S. at 766. The Supreme Court in Roadway remanded the case because the trial court "did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the Court's inherent powers." Id. The requisite evidence of bad faith may be found in the filing of the action or in the conduct of the litigation. Id.

In addition to the common law standard of "bad faith" for assessing an award of attorney's fees against counsel, Congress has authorized the assessment of attorney's fees against counsel who "unreasonably and vexatiously multiply proceedings:"

10

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (West 2005). Therefore, Community Blood Center may recover attorney's fees against Ms. Young if Community Blood Center proves that Ms. Young acted in "bad faith" or "unreasonably and vexatiously multiplied the proceedings."

Both Tolefree and Ms. Young are responsible for the attorney's fees incurred by Community Blood Center. Ms. Young was provided with a copy of Tolefree's employment file ten days before Tolefree's deposition which informed Ms. Young of Tolefree's purported unauthorized entry into her former employer's building. (Doc. #20). Had Ms. Young thoroughly reviewed the file and conducted a detailed investigation of the facts derived therefrom, Ms. Young would have become aware of the "damaging information" prior to Tolefree's deposition.

Ms. Young's failure to communicate with her client, with opposing counsel and with this Court vexatiously and unreasonably multiplied the proceedings and that was tantamount to bad faith. *See* Davidson, 567 F.Supp. at 1539. Ms. Young was indisputably aware of the evidence which negated Tolefree's claims following Tolefree's deposition and the settlement conference before Judge Larson. A knowledgeable counsel, attentive to her client's interests and the burden placed on the judicial system by meritless litigation, would have brought this claim to a conclusion long before dispositive motions were due.

Ms. Young breached a duty to the Court by allowing a meritless claim to languish on the Court's docket. Being fully apprised of the relevant facts, Ms. Young continued to litigate Tolefree's apparently meritless claims. As such, one half of the reasonable attorneys fees incurred by Community Blood Center

11

after the settlement conference will be assessed against Ms. Young for her role in unreasonably and vexatiously multiplying the proceedings.[3]  The documentation presented by Community Blood Center reveals that the attorney's fees incurred following the settlement conference totaled $12,472.50.  Therefore, $6,236.25 will be assessed against Ms. Young to compensate Community Blood Center for their reasonable attorney's fees.  The remaining reasonable attorney's fees requested by Community Blood Center, $20,198.25, will be assessed against Tolefree.

## CONCLUSION

Based on the experience and ability of counsel, and the result obtained, the Court finds that Community Blood Center has requested reasonable attorney's fees for the defense of Tolefree's claims.  As such, IT IS HEREBY ORDERED that Community Blood Center's Motion for Attorney's Fees is GRANTED. It is further ORDERED that $6,236.25 of these reasonable attorney's fees be assessed against Ms. Young as her continued pursuit of Tolefree's claims following the settlement conference unreasonably and vexatiously multiplied the proceedings.  To deter the pursuit of frivolous claims, the remaining $20,198.25 of Community Blood Center's reasonable attorney's fees shall be assessed against Tolefree as authorized by § 706(k) of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(k).

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

---

[3]Ms. Young is being held responsible for the attorney's fees incurred by Community Blood Center following the settlement conference because Ms. Young admits that the settlement conference she was fully aware of all the relevant facts and how these facts impacted Tolefree's claims.

12

DATED:    July 18, 2005